MAL/MSM: USAO 2026R00222

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG 2 6 CR 1 0 8 |
| | * | |
| ALEXANDER JOBEAN MORGAN, | * | (Production Child Pornography, |
| | * | 18 U.S.C. § 2251(a); |
| Defendant | * | Receipt of Child Pornography, |
| | * | 18 U.S.C. § 2252A(a)(2); |
| | * | Distribution of Child Pornography, |
| | * | 18 U.S.C. § 2252A(a)(2); |
| | * | Forfeiture, 18 U.S.C. § 2253, |
| | * | 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

## COUNT ONE
### (Production of Child Pornography)

The Grand Jury for the District of Maryland charges that:

On or about September 6, 2025, in the District of Maryland, the defendant,

## ALEXANDER JOBEAN MORGAN,

attempted to and did employ, use, persuade, induce, entice, and coerce Minor Victim 1 to engage in any sexually explicit conduct, for the purpose of producing a visual depiction of such conduct, and the defendant knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce; such visual depiction was produced or transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; and such visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and

in and affecting interstate and foreign commerce.

18 U.S.C. § 2251(a) and (e)

## COUNT TWO
### (Receipt of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about November 9, 2025, in the District of Maryland and elsewhere, the defendant,

## ALEXANDER JOBEAN MORGAN,

did knowingly receive any child pornography and any material that contained child pornography, as defined in 18 U.S.C. § 2256(8), using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 225A(a)(2) and (b)(1)

## COUNT THREE
### (Distribution of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about November 9, 2025, in the District of Maryland and elsewhere, the defendant,

## ALEXANDER JOBEAN MORGAN,

did knowingly distribute child pornography and material that contained child pornography, as defined in 18 U.S.C. § 2256(8), using any means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

18 U.S.C. § 2252A(a)(2) and (b)(1)

4

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 2253, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), as a result of a defendant's conviction under any of the offenses alleged in this Indictment.

### Child Pornography Forfeiture

2.      Pursuant to 18 U.S.C. § 2253(a), upon conviction of any of the offenses set forth in Counts One through Three of this Indictment, the defendant,

**ALEXANDER JOBEAN MORGAN,**

shall forfeit to the United States:

a.      Any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110;

b.      Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and

c.      Any property, real or personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property.

3.      The property to be forfeited includes, but is not limited to, an iPhone 14 Pro Max, bearing serial number FH07K2NJV6, seized from the defendant's residence on February 5, 2026.

## Substitute Assets

4.      If any of the property described above, as a result of any act or omission of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided

                without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes /s/ MAL
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

3/26/26
Date

6